IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GERALD LEWIS AUSTIN, #A1076082, | ) CIVIL NO. 12-00199 LEK/BMK )<br>) ORDER TO SHOW CAUSE WHY |
| Plaintiff, | ) PLAINTIFF SHOULD BE ALLOWED TO<br>) PROCEED *IN FORMA PAUPERIS* |
| vs. | ) |
| CORR. SEARGENT MATTHEW MANUMA, | ) |
| Defendant. | ) |

**ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD
BE ALLOWED TO PROCEED *IN FORMA PAUPERIS***

Before the court is *pro se* Plaintiff Gerald Lewis Austin's prisoner civil rights Complaint and *in forma pauperis* ("IFP") application. ECF #1, #2. Although Austin names three defendants, Adult Correctional Officer ("ACO") Matthew Manuma, ACO Salanoa, and inmate Bret Merchado, he clarifies that Salanoa and Merchado are witnesses to the events at issue and the court does not construe them as defendants. Austin claims that Manuma assaulted him in front of Salanoa and Merchado on May 3, 2010, violating the Eighth Amendment. For the following reasons, Austin is ORDERED to show cause **on or before May 16, 2012,** why he should be allowed to proceed *in forma pauperis* in this action.

I.  **DISCUSSION**

A.  **28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3

or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

The court must conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if the prisoner's prior action was "dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "[D]istrict court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. The court may, therefore, raise *sua sponte* the § 1915(g) problem, and the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not bar pauper status for him. *Id.*

A review of the federal courts' cases database, http://pacer.psc.uscourts.gov, ("PACER"), reveals that Austin has filed numerous civil actions as a prisoner that were dismissed as frivolous or as failing to state a claim.[1] Several of these

---

[1] *See e.g., Austin v. Kaawa*, 1:10cv00693 SOM (D. Haw. Dec. 23, 2010) (frivolous and fail to state a claim); *Austin v. Tyler*, 1:11-cv-00692 JMS (D. Haw. Nov. 22, 2011) (fail to state claim);

actions explicitly informed Plaintiff that they constituted a strike or that he had already accrued three strikes. *See Andrews*, 398 F.3d at 1120 (requiring defendants or the court to notify a plaintiff of dismissals supporting a § 1915(g) dismissal before granting defendants' motion to revoke IFP and dismiss case).

**B.  Austin Fails to Allege Imminent Danger of Serious Physical Injury**

To qualify for § 1915(g)'s exception, a prisoner must allege facts demonstrating imminent danger of serious physical injury when he commenced the action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Alleging a plausible, ongoing danger can satisfy this requirement. *Id.* at 1056 (citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Section 1915(g)'s exception applies only "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055-56. A prisoner cannot meet the exception when his claims of imminent danger are conclusory. *Id.* at 1057 n.11.

---

*Austin v. Stevens*, 1:11-cv-00690 SOM (D. Haw. Nov. 23, 2011) (frivolous and fail to state a claim); *Austin v. Lau*, 1:11-cv-00672 SOM (D. Haw. Nov. 30, 2011) (same); *Austin v. Momoa*, 1:11-cv-00707 DAE (D. Haw. Dec. 1, 2011) (fail to state a claim); Austin v. Mailroom, 1:11-cv-00708 JMS (D. Haw. Dec. 1, 2011) (fail to state a claim); *Austin v. Padilla*, 1:11-cv-00693 DAE (D. Haw. Dec. 19, 2011) (same); *Austin v. Van Winkle*, 1:11-cv-00691 SOM (D. Haw. Dec. 20, 2011) (frivolous and fail to state a claim).

3

In *Cervantes*, the plaintiff sufficiently alleged facts indicating that he had suffered a particular and *continuing* injury, that the defendants knew of a particular harm to him, and failed to act to address the harm, thus, qualifying for § 1915(g)'s exception to the 3-strikes bar.[2]

By contrast, Austin's allegations do not allege imminent danger of serious harm or injury that can be attributed to Manuma or others. *See Marshall v. Fla. Dep't of Corr.*, 2009 WL 1873745 at *1 (N.D. Fla. June 27, 2009) (finding "vague and non-specific threats and 'danger' at the hands of correctional officers" insufficient to meet § 1915(g)'s "imminent danger of serious physical injury" exception). Austin simply seeks redress for his claim that approximately two years ago Manuma allegedly hit him in the face with a plastic sugar bowl in violation of the Eighth Amendment. Austin made these identical claims in an earlier case in this court, *Austin v. Manuma*, 1:10-cv-00692 JMS (D. Haw. Aug. 30, 2011). Austin later voluntarily dismissed this action to pursue his claims in the state court. State court records show that Austin's state case against Manuma is ongoing.[3] *See* Hawai'i Judiciary's Public Access to Court Information:

---

[2] The plaintiff in *Cervantes* alleged that the threat he faced from contagious diseases violated the Eighth Amendment's prohibition against cruel and unusual punishment, and submitted specific facts supporting such a claim.

[3] *See Austin v. Manuma*, 1CC11-1-001350 (First Circuit Court, opened Jun. 30, 2011).

4

http://hoohiki1.courts.state.hi.us/jud/Hoohiki/. Because Austin fails to articulate specific facts indicating that he is in imminent danger from a particular harm he fails to meet the exception necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

**C.   Order to Show Cause**

The court may raise the § 1915(g) problem *sua sponte*, but should give the prisoner an opportunity to be heard on the matter before dismissing the action. *See Cervantes* 493 F.3d at 1057-58. Once a court gives such notice, the prisoner bears the burden of showing that § 1915(g) does not bar pauper status for him. *Andrews*, 398 F.3d at 1116.

Because Austin does not allege that he is under imminent danger of serious physical injury as of the date he filed the Complaint, Austin is ORDERED TO SHOW CAUSE on or before **May 16, 2012**, why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative, Austin may avoid dismissal under § 1915(g) by paying the full $350.00 filing fee by the court's deadline. Until Austin sufficiently responds to this Order to Show Cause or pays the filing fee for this action, the court will take no further action on any motions or requests that he files.

//

//

## II. CONCLUSION

Austin is ORDERED to show cause on or before **May 16, 2012**, showing that he is entitled to proceed *in forma pauperis* under § 1915(g)'s exception to the 3-strikes bar.  Failure to file a response on or before **May 16, 2012**, showing good cause, or to pay the full filing fee at that time, will result in the dismissal of this action without further notice to Austin.  All pending motions are DENIED without prejudice to refiling after Austin's *in forma pauperis* status has been determined.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 25, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Austin v. Manuma, et al.,* Civ. No. 12-00199 LEK/BMK; Order To Show Cause; psas/3 Strikes Ords/DMP/2012/Austin 12-199 lek bmk (OSC 3 stks)